

FILED
U.S. DIST. COURT
MIDDLE DIST. . . .

2008 APR 30  PM 1:35

BY DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO: 05-121** |
| **WAYNE LEE PALMER** | * | **SECTION: "LMA"(LM)** |

Before the court is defendant Wayne Lee Palmer's Motion to Reconsider Pretrial Detention, wherein he requests release from custody under Title 18, United States Code, Section 4241[1] and Section 4247(h)[2]. After considering the motion, the objection, the record and the applicable law, the motion is **DENIED** for the following reasons.

---

[1]Under Title 18, United States Code, Section 4241, a defendant may be placed in the custody of the Attorney General to undergo an evaluation of the defendant's competence to stand trial.

[2]Title 18, United States Code, Section 4247(h) provides for the discharge of a person who has been committed for a mental evaluation as follows:

**(h)  Discharge**. -Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to the provisions of subsection (e) of section 4241, 4244, 4245, 4246, or 4248 or subsection (f) of section 4243, counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed. A copy of the motion shall be sent to the director of the facility in which the person is committed and to the attorney for the Government.

cc: Butner FMC

## Background

The defendant, Wayne Lee Palmer, was arrested on May 12, 2005, for possession of a firearm by a person previously adjudicated mentally defective and formally committed to a mental institution in violation of Title 18, United States Code, Section 922(g)(4).

The defendant argues that he should be released from custody under Section 4247(h) because he has served more than the maximum four months permissible under Section 4241 as well as more than the maximum applicable under the United States Sentencing Guidelines. The defendant said that he has been incarcerated at Butner Federal Medical Center (Butner FMC) since September 20, 2005, just over 27 months and 6 months longer than the maximum guidelines sentence (15 to 21 months) he would be subjected to if convicted.

## Facts

It is undisputed that Palmer was arrested on May 12, 2005. On May 26, 2005, Palmer was indicted on one count of making a false statement in the acquisition of a firearm by a person adjudicated mentally defective, in violation of Title 18, United States Code, Section 922(a)(6), and one count of possession of a firearm and ammunition by a person that had been adjudicated as mentally defective and committed to a mental institution, in violation of Title 18, United States Code, Section 922(g)(4). A motion to determine competency was

filed on June 14, 2005, and a hearing considering competence was held on August 18, 2005. Thereafter, Palmer was found incompetent to stand trial and he was remanded to the custody of the Attorney General and committed to Butner FMC for further evaluation. Doctors at Butner FMC opined that Palmer could benefit from the administration of medication that could possibly render Palmer competent to stand trial. Palmer refused voluntary receipt of the medication. The United States filed a motion to cause Palmer to be involuntarily medicated in order to restore defendant's competence. After a hearing, the defendant was ordered to submit to involuntary medication to restore his competence.

The defendant appealed the judgment to the United States Court of Appeals, Fifth Circuit. The Fifth Circuit affirmed the district court's judgment on October 31, 2007. (See **United States v. Palmer,** 507 F.3d 300 (5th Cir. 2007). The defendant has applied for certiorari to the United States Supreme Court. Palmer has been detained since his arrest on May 12, 2005. Palmer has not received the suggested medication to possibly render him competent to stand trial. Therefore, Palmer claims he should be released from Butner FMC pending trial.

Counsel for the United States of America (Government) argues that the defendant's motion should be denied, because the defendant has failed to allege a change in circumstances that would warrant the defendant's release. Government counsel made three points in opposition as follows: (1) that the length of defendant's detention has not altered

3

the justification for the original order of detention, which reasons included the defendant's threatening behavior and illegal use of a firearm; (2) there is no reason to believe that the defendant's future behavior will be positively shaped by his current incarceration and mental examination; and, (3) the sentence that defendant would face - while less than the estimated guideline range - is unknown at this time.

### Discussion

Palmer's argument regarding his release on bond under Section 4247(h), because he has served more than the maximum four months permissible under Section 4241, as well his argument that he has been incarcerated for almost six months longer that the maximum applicable sentence under the Sentencing Guidelines, lacks merit under the facts of this case and the applicable law.  Palmer's reliance upon **United States v. Charters,** 829 F.2d 479 (4th Cir. 1987) is misplaced.  **Charters** had been in detention for more than three years while the district court attempted to comply with the federal statutes governing the detention of a mentally ill person who was accused of federal crimes.  See **Charters,** pages 484-485.  On February 1, 1984, **Charters** had been determined by the district court to be incompetent to stand trial and ordered confined at Butner FMC.  The district court thereafter reviewed **Charters'** commitment to Butner FMC five times.  On each review, the district court found Charters dangerous and incompetent to stand trial and ordered him returned to Butner FMC.

4

The main or central issue had to do with whether the government had the legal authority to medicate Charters forcibly to restore his competence.[3]   The preliminary issue addressed was the legality of Charters' detention as it related to his right to resist forced/involuntary medication to possibly render him competent to stand trial.   The Fourth Circuit concluded that Charters' confinement was <u>not</u> in compliance with the provisions of Section 4241.   Thus, the Fourth Circuit reversed the district court regarding forced medication and remanded the case for determination as follows:

CONCLUSION

> In summary, on remand, the district court should conduct the following inquiries: (1) The court should determine whether Charters may be continued in a federal treatment facility under 18 U.S.C. Section 4246; (2) If the court finds that Charters can remain in federal custody, the court should then evaluate whether Charters is competent to make decisions concerning his own medical care.   If the court determines that Charters is medically competent, he must be permitted to refuse antipsychotic medication.   In making the determination of medical competence, the court should evaluate whether Charters has followed a rational process and can give rational reasons for his choice to refuse antipsychotic medication; (3) If the court determines that Charters is not medically competent, it should determine whether there is clear and convincing evidence of what Charters would do if he were competent; (4) If a substituted judgment cannot be made, the court should order

---

[3]The United States Supreme Court recently addressed the issue and procedures regarding forced or involuntary medication to restore competence.   **Sell v. United States,** 539 U.S. 166, 179, 123 S.Ct. 2174 (2003).   Also see **United States v. Palmer,** 507 F.3d 300, 303-304 (5th Cir. 2007).   The law and procedures were adhered to in the case under consideration.

forcible medication only upon finding that it is in Charters' best interests.

REVERSED AND REMANDED.

See **United States v. Charters,** 829 F.2d at 499-500.

In the present case, the Government has not said that it will move to dismiss the indictment if Palmer's  competence is not restored.  There has been no determination made by the court that Palmer's competence cannot be restored as the medication has not been administered to him.  Therefore, this case is not on all fours with Charters.

Palmer's claim that he should be released because he has been confined six months longer that the sentence he could receive under the Sentencing Guidelines is meritless.  The Sentencing Guidelines are not mandatory.  However, a sentencing court is required to consider the Sentencing Guideline ranges.  The courts are not bounded by them.  See **United States v. Booker,** 543 U.S. 200 (2005).  If Palmer is found guilty after a trial, it cannot presently be determined what his sentence will be.  The sentence could be up to five years, the statutory maximum or something less.  Palmer's danger to the community has not changed.

The motion to Reconsider Pretrial Detention is DENIED.

Baton Rouge, Louisiana, this 24th  day of April, 2008.

LOUIS MOORE, JR.
United States Magistrate Judge

**CLERK TO NOTIFY:**
**Richard M. Upton, Esquire, for Wayne Lee Palmer**
**and**
**Catherine M. Maraist, Assistant U.S. Attorneys**